Micheal A. Licari, Esq. (SBN 265241)
Daniel P. Heilbrun, Esq. (SBN 283860)
D'Egidio Licari Townsend & Shah, APC
7801 Mission Center Court, STE 240
San Diego, Ca 92108
mlicari@dltslaw.com
dheilbrun@dltslaw.com
Phone: 619-550-3011

Attorneys for Plaintiff, John Richuisa

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICHUISA, an individual, | Case No.: '17CV0292 LAB KSC |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| TRANSUNION, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1)   This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorney's fees brought pursuant to 15 U.S.C. §1681, *et seq.* (Fair Credit Reporting Act "FCRA") and California Civil Code §1785.25(a) which prohibits unlawful credit reporting.

## II. VENUE AND PARTIES

2)   Plaintiff JOHN RICHUISA is a natural person residing in the State of

California, County of San Diego.

3) Defendant TRANSUNION, LLC. at all times relevant was a limited liability company doing business in San Diego County, California. TRANSUNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. TRANSUNION disburses such consumer reports to third parties under contract for monetary compensation.

4) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5) Venue in this District is proper in that Defendants transact business here and the Plaintiff resides here.

### III. FACTUAL ALLEGATIONS

6) Beginning in 2007 four (4) State of Ohio County Tax Liens, one (1) Chapter 13 bankruptcy and one (1) missing loan account began appearing on Plaintiff's credit report. These accounts belonged to a third-party with a social security number and a birthday that are not the same as the Plaintiff ("the inaccurate items").

7) In 2008, Plaintiff produced proof that the inaccurate items did not belong to Plaintiff and Plaintiff used this proof to dispute these inaccurate items in writing to the Defendant. From 2008 to present, Plaintiff continued to contact TRANSUNION in writing on several occasions to dispute these inaccurate credit items and requested removal of any indication that these inaccurate items belonged to Plaintiff. TRANSUNION continuously and repeatedly either failed to remove the item or reinserted the inaccurate items back onto Plaintiff's credit. Plaintiff again contacted TRANSUNION in writing in order to dispute these credit items in February of 2016 and TRANSUNION again refused to remove the inaccurate items.

8) TRANSUNION refused to conduct any investigation into Plaintiff's claims and in fact continued reporting the false information on the credit reports despite Plaintiff's repeated requests to do so.

9) TRANSUNION negligently and repeatedly produced consumer reports with respect to Plaintiff's credit that contained the aforementioned credit items that were not owned by the Plaintiff.

10) TRANSUNION further negligently failed to maintain reasonable procedures designed to avoid the reporting of the incorrect information. In fact, TRANSUNION continued to reinsert and/or failed to remove the inaccurate information over several years despite Plaintiff's requests and showing of proof necessary to rectify the inaccurate information.

11) As a result of TRANSUNION's conduct, Plaintiff has been hindered in his efforts to obtain a home loan.

12) As a result of TRANSUNION's conduct, Plaintiff has been hindered in his efforts to obtain credit cards.

12) As a result of TRANSUNION's conduct, Plaintiff has been hindered in his efforts to obtain business loans.

13)   As a result of TRANSUNION's conduct, Plaintiff has been hindered in his efforts to obtain security clearances in order for military career advancement.

14)   As a result of TRANSUNION's conduct, Plaintiff suffered damage to his credit worthiness and emotional distress.

## IV.  FIRST CAUSE OF ACTION

### (Against Defendants for Violations of the FCRA)

15)   Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

16)   TRANSUNION violated 15 U.S.C. §1681c by negligently producing consumer reports containing inaccurate information.

17)   TRANSUNION violated 15 U.S.C. §1681e(a) by failing to maintain reasonable procedures designed to avoid reporting inaccurate information.

18)   TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

19)   TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

20)   TRANSUNION's unlawful conduct damaged Plaintiff as referenced above.

21)   TRANSUNION's unlawful conduct was willful.

22)   Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

23)   Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

///

///

## V. SECOND CAUSE OF ACTION

**(Against Defendants for Violations of California Credit Reporting Act)**

24) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

25) TRANSUNION violated California Civil Code §1785.25(a) by negligently producing consumer reports containing inaccurate information.

26) Plaintiff is entitled to recovery for an award of actual damages, including loss of wages, attorney's fees and pain and suffering.  California Civil Code § 1785.31(a)(1);

27) Plaintiff is entitled to recovery for an award of Punitive damages of $5,000 for each violation of the California Civil Code.  California Civil Code § 1785.31(a)(2)(B); and

28) For any other relief that the court deems proper.  California Civil Code § 1785.31(a)(2)(B).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages pursuant 15 U.S.C. §1681 and California Civil Code § 1785.31(a)(1);

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and/or 1681o; and

(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: February 14, 2017           /s/ Michael A. Licari
                                  Michael A. Licari, Esq.
                                  Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: February 14, 2017         /s/ Michael A. Licari
                                Michael A. Licari, Esq.
                                Attorney for Plaintiff